*477
 
 OVERTON, J.
 

 Defendants were informed against for using loud and obscene language on a public highway. Two of the defendants were convicted and sentenced.
 

 The information, upon which the conviction was had, charges that defendants ‘‘did willfully and unlawfully use loud and obscene language upon the public highway and did then and there disturb the peace.” The charge was made under Act No. 31 of 1886, the first section of which denounces the act charged, and reads as follows:
 

 “Any person who shall go into any public place, into or near any private house, or along any public street or highway near to any private house, and who shall use loud and vociferous or obscene, vulgar or indecent language, or swear or curse, or expose his person, or rudely display or wantonly or maliciously discharge or use any pistol or other deadly weapon in such public place, or upon such public street or highway, or near such private house, in a manner calculated to disturb or alarm the inhabitants thereof, shall, on conviction thereof before any court of competent jurisdiction, be condemned to pay a fine not exceeding fifty dollars. * * * ”
 

 Defendants, at the outset of the trial, objected to the hearing of evidence under the bill of information on the ground that the bill charged no- offense known to the law, and reiterated the objection to the bill in a motion in arrest of judgment. The basis of the objection is that, while the bill alleges that the loud and obscene language was used on a public highway, yet it fails to allege another essential fact, namely, that it was near a private house.
 

 The objection to the bill is well taken, and should have been sustained. The first part of section 1 of the act is clear to the effect that the disturbance on the public highway must be near a private house, and this is not changed by the wording that follows, to wit, “in such public place, or upon such public street or highway, or near such private house, in a manner calculated to disturb or alarm the inhabitants thereof.” The use of the word “such,” before “public street or highway,” would indicate that no change was intended. In short, it is not the purpose of the statute to punish one for using loud and obscene language on a public highway at any point, but only at a point near a private house, and then in a manner calculated to disturb or alarm the inhabitants thereof.
 

 The bill, objecting to the competency of the judge ad hoc, because he was a witness in expropriation proceedings, connected with this case, is without merit.
 

 For these reasons the judgment is set aside, and defendants are discharged under the present bill of information, reserving the right to the state to prosecute defendants under a proper bill, of information, should it deem proper.